UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 25-CR-80076-AMC

**UNITED STATES**,

v.

**ELAINE ESCOE,
ALFRED DAVIS,
GINO JOURDAN,
CHER DAVIS,
LATOYA CLARK, and
JAMES McGHOW,**

    **Defendants**.

_____/

## SPEEDY TRIAL REPORT

The parties jointly file the following speedy trial report:

1. Under the Speedy Trial Act, the 70-day clock does not begin to run until the last defendant is either apprehended or formally transferred to fugitive status. *See United States v. Davenport*, 935 F.2d 1223, 1229 (11th Cir. 1991) (holding that the speedy trial clock did not begin until the day after missing, indicted co-defendants were transferred to fugitive status).

2. On July 1, 2025, the parties jointly moved to continue trial. ECF No. 57.

3. On July 8, 2025, the Court granted the motion and continued trial until December 15, 2025. The Court excluded the period from July 1, 2025, through December 15, 2025, under the Speedy Trial Act. ECF No. 59.

4. On July 9, 2025, the Government moved to transfer the defendant Elaine Escoe to fugitive status. ECF No. 61.

5. On July 10, 2025, the Court granted the motion and transferred Elaine Escoe to fugitive status. ECF No. 62.

6. The parties agree that the Speedy Trial clock did not begin to run until July 11, 2025 — the day after Escoe was transferred to fugitive status.

7. The parties further agree that the time from May 22, 2025, through December 15, 2025, is excludable under the Speedy Trial Act.

8. Accordingly, zero non-excludable days have elapsed. The 70-day clock begins on December 16, 2025, and will expire on Monday, February 23, 2026.

        Respectfully submitted,

        JASON A. REDING QUINONES
        UNITED STATES ATTORNEY

BY:   /s/ Jonathan Bailyn
       Jonathan R. Bailyn, AUSA
       Court ID No. A5502602
       500 South Australian Ave, 4th Floor
       West Palm Beach, Florida 33401
       Phone: (561) 209-1050
       jonathan.bailyn@usdoj.gov